# ALLEN T. STEBBINS v. NORTHERN HOLT COMPANY.[1]

April 13, 1911.

Nos. 17,083—(139).

**Action for services — evidence supports the findings.**
*Held,* that the findings of fact herein are sustained by the evidence.

Action in the municipal court of Minneapolis to recover $186.55, salary alleged to be due plaintiff under a contract of employment. The facts are stated in the opinion. The case was tried before Waite, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Jesse Van Valkenburg,* for appellant.

*Jay W. Crane,* for respondent.

START, C. J.

This action was brought in the municipal court of the city of Minneapolis to recover from the defendant a balance of $186.55, which the complaint alleged was due to the plaintiff for his services to the defendant as its sales agent, rendered pursuant to a con-

[1]Reported in 130 N. W. 849.

tract of employment, between September 1, 1909, and February 28, 1910. The answer admitted that the plaintiff was in the employ of the defendant as alleged, but alleged that the defendant "has paid plaintiff in full for his services, as shown by the following facts." The answer then set out the alleged facts constituting the alleged payment. The reply put in issue the new matter alleged in the answer. The cause was tried by the court without a jury.

The court made the following findings of fact: "That between the first day of September, 1909, and the 28th day of February, 1910, doth dates inclusive, plaintiff performed services for defendant, at defendant's special instance and request, at an agreed salary of $100 per month, payable on the last day of each month. That on or about the second day of March, 1910, there remained due and owing from defendant to plaintiff, on account of salary for services aforesaid, the sum of $186.55. * * * That said sum of $186.55 has never been paid to plaintiff by defendant, nor by said Holt on defendant's behalf, nor otherwise." As a conclusion of law, judgment for such balance was directed for the plaintiff. The defendant appealed from an order denying its motion for a new trial.

The first group of assignments of error is to the effect that plaintiff failed to prove any debt against the defendant, in that he alleged an express contract of employment, while the evidence offered by the plaintiff tended to show only an implied contract for a part of the term of service. There was no issue as to the contract of employment, or as to its terms. The answer is not open to any other reasonable construction, and the defense tendered by the answer was simply payment. Even if the answer be construed as tendering an issue as to the contract of employment and its terms, the evidence is amply sufficient to sustain the findings of the court in this respect.

The other assignments of error are to the effect that the ultimate finding of fact that the balance of $186.55 has never been paid is not sustained by the evidence. There was evidence tending to show, and the court found, that on or about March 2, 1910, the plaintiff and the president of the defendant, Pliny E. Holt, acting for him-

self and for the defendant, entered into an agreement whereby Holt was to construct for the plaintiff and deliver to him a gas traction engine on April 15, 1910, if possible, and, if not then, within a reasonable time thereafter, and that it was further agreed that $186.55 due plaintiff from defendant should be credited on the purchase price of the engine when completed and delivered. The court also found that the engine was not completed, delivered or tendered on April 15, 1910, nor within a reasonable time thereafter, and was never accepted by the plaintiff. If this last finding is sustained by the evidence, it follows that the ultimate finding that the $186.55 has never been paid is also supported by the evidence. It is not claimed that the engine was completed or tendered on April 15 or prior to June 14. Whether it was tendered within a reasonable time was a question of fact, and the evidence is sufficient to sustain the finding that the engine was not tendered within a reasonable time, and was never accepted by the plaintiff.

Order affirmed.